**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
Norfolk Division

DANIEL TOVILLA-SABALA,

Petitioner,

v.

TODD BLANCHE, *et al.*,

Respondents.

Case No. 2:26-cv-823

# OPINION & ORDER

On August 7, 2026, the Court granted in part Petitioner Daniel Tovilla-Sabala's request for a writ of habeas corpus under 28 U.S.C. § 2241 and directed the respondents to provide the petitioner with a bond hearing pursuant to 8 U.S.C. § 1226(a). ECF No. 6. On August 10, 2026, the Immigration Court held a hearing where an Immigration Judge (IJ) determined that the petitioner poses a danger to the community and a risk of flight, and denied the petitioner bond. *See* ECF No. 8 at 1. The petitioner submitted a motion seeking immediate release as a remedy for alleged due process violations that he claims infected the bond hearing. ECF No. 10.

The petitioner cites three issues he believes rendered his bond hearing unfair. First, the IJ placed the burden of proof on the petitioner to demonstrate that he is not a flight risk or a danger to the community. *See* ECF No. 10 at 4. However, the Fourth Circuit has found that procedure constitutional. *Miranda v. Garland*, 34 F.4th 3389, 362–64 (4th Cir. 2022); *see Lopez Garcia v. Guadian*, — F.4th —, No. 25-7044, 2026 WL 2661092, at *2 n.3 (4th Cir. Sept. 10, 2026); *but see Hernandez-Lara v. Lyons*, 10

F.4th 19, 41 (1st Cir. 2021) (holding that the government must bear the burden in § 1226(a) detention proceedings).

Second, the petitioner asserts that the IJ "did not engage in any meaningful analysis of potential alternatives to detention or any other reporting requirements as part of the danger to community and flight risk" assessments. ECF No. 10 at 4. Again, the Fourth Circuit has determined that the Due Process Clause does not require such consideration, so this Court has no authority to grant the petitioner's motion on that ground. *Miranda*, 34 F.4th at 364; *but see Hernandez v. Sessions*, 872 F.3d 976, 990–91 (9th Cir. 2017) (requiring IJs to consider possible alternative release conditions).

Finally, the petitioner contends that the respondents gave him inadequate notice of the bond hearing, so he was unable to submit evidence that might have met his burden. *See* ECF No. 10 at 4–5. This issue presents a much closer call.

In the context of legally nonpunitive matters like immigration removal proceedings, there are "narrow [] circumstances" in which government detention is consistent with the Due Process Clause of the Fifth Amendment. *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001) (quotation marks and citations omitted). There are two essential components to a due process claim in the context of an immigration proceeding. *Romero v. Bondi*, 150 F.4th 332, 340 (4th Cir. 2025).

Here, the petitioner meets the first requirement: He identifies a "defect in the proceeding [that] rendered it fundamentally unfair," *Romero*, 150 F.4th at 341: He was given "[in]adequate time to submit evidence on the merits" of the bond determination. ECF No. 10 at 4.

However, the petitioner fails at the second step, because he does not show that this "defect prejudiced the outcome" of the hearing. *Romero*, 150 F.4th at 341. To satisfy that requirement, the petitioner would have to demonstrate "a reasonable probability that the outcome of [the hearing] would have been different" if he had received adequate time to prepare. *Id.* at 342. But the facts on which the IJ based the determination that the petitioner would pose a danger to the community if released are probably *not* susceptible to being ameliorated by any evidence the petitioner could have presented.

The IJ was required to deny bond to the petitioner unless the petitioner showed that he "would not pose a danger to property or persons" if released and that he was "likely to appear for any future proceeding." 8 C.F.R. §§ 236.1(c)(8), 1236.1(c)(8); *see Miranda*, 34 F.4th at 346–47. In this case, the IJ considered that the petitioner had been arrested six times since 2022, including once for alleged assault and battery of a family member and abuse of a child causing serious injury. *See* ECF No. 13 at 3. The petitioner does not attempt to describe the evidence he would have presented to rebut those facts, and the Court cannot conclude in the abstract that more time to prepare for the bond hearing would have likely changed the IJ's conclusion based on the petitioner's arrest record.

Ultimately, while the Court takes seriously the petitioner's assertion that the respondents "commonly use" short notice to "ambush [] non-citizens" seeking bond, the petitioner does not carry his burden to show that his hearing would have had a

different outcome if the respondents had not used that tactic. Therefore, this case is not an adequate vehicle to put a "stop" to the alleged practice. ECF No. 10 at 4.[1]

Petitioner Daniel Tovilla-Sabala's motion (ECF No. 10) is **DENIED**.

The Clerk is **DIRECTED** to send a copy of this Order to the petitioner.

**IT IS SO ORDERED**.

/s/

Norfolk, Virginia
October 1, 2026

Jamar K. Walker
United States District Judge

[1] To the extent the petitioner seeks review of the IJ's bond decision, this Court lacks authority to provide that relief. *See* 8 U.S.C. § 1226(e) (precluding judicial review of the merits of an IJ's bond decision).

It is also possible that the petitioner seeks reconsideration of the Court's decision to order a bond hearing within three days, rather than the seven to ten days the petitioner requested. *See* ECF No. 1 at 9. That request would fail for two reasons. First, the Court can only reconsider an interlocutory order "before the entry of a judgment adjudicating all the claims" in a case. Fed. R. Civ. P. 54(b). Since the Court's August 7, 2026 Order disposed of the petitioner's sole claim, reconsideration is not appropriate.

But even if Rule 54(b) did apply, the petitioner would have to point to (1) an intervening change in controlling law, (2) new evidence not available earlier, (3) a clear legal error, or (4) manifest injustice flowing from the original decision. *See LaFleur v. Dollar Tree Stores, Inc.*, No. 2:12-cv-363, 2014 WL 2121563, at *1 (E.D. Va. May 20, 2014) (citing *Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir. 1993) (same standard for motions to amend a judgment under Fed. R. Civ. P. 59(e)). The petitioner clearly does not attempt any of the first three routes. And whether or not it is *morally* just for the petitioner to remain in ICE custody, the Court finds no *legal* injustice specifically associated with the short notice the respondents gave prior to the petitioner's bond hearing. The unlikelihood that the IJ would have changed their mind with more evidence from the petitioner defeats reconsideration as well.